### ORLEANS NAVIGATION COMPANY vs. BOUTTE'S EX'RS.

A workman who undertakes a work on a plan furnished by himself, stipulates that it is feasible.

THIS action was brought to recover damages for the neglect of the defendant's testator to fulfill certain engagements with the plaintiffs.

THE Company being desirous to improve the navigation of the Bayou St. John, invited persons, in a situation to fulfil their intentions, to make proposals.

THE defendants' testator offered a plan, which he undertook to complete before the last of March 1807, and the plaintiffs engaged to pay him therefor forty-one thousand dollars.

THE defendants' testator agreed that if the work was not completed at the fixed time, he would pay an indemnity of two thousand dollars per month, till it was finished.

THE work being in some degree of forwardness, was almost totally destroyed by a storm; and the plaintiffs in consideration of this unforeseen event, made the contractor a grant of five

thousand dollars and protracted the time allowed him, till the month of January 1808.

IN April 1808, the contractor abandoned the work and avowed his inability to carry it on.

THE plaintiffs then undertook to complete it, and spent, in doing so, about nineteen thousand dollars.

THE defendant's testator rested his defence on the impossibility of carrying the work into exe‑ cution, on the original plan.

*Mazureau,* for the defendants. The defen‑ dants' testator abandoned the work when the completion of it appeared clearly impossible.

THE plaintiffs have themselves admitted that the work could not be completed on the original plan. They had reserved to themselves in the contract, the right of making alterations in the plan. This was admitting that the possibility, or at least, the propriety of carrying it on, was questionable and uncertain. Circumstances have proven the impossibility : it was the province of the plaintiffs to apply the remedy.

THE plaintiffs by public advertisement invited artists to come forward with their plans—seve‑ ral were submitted to them. The defendants' tes‑ tator offered that which he thought to be the best. The plaintiffs were to be the judges. Their ideas coincided with his—His plan appeared to be the best. Undertakings of this kind are always lia‑

FALL, 1811.
First District.

ORLEANS
NAVIGATION
COMPANY
*vs.*
BOUTTE & AL.

FALL, 1811.
First District

ORLEARS
NAVIGATION
COMPANY
*vs.*
BOUTTE & AL.

ble to accidents : and time and experience afford the only infallible test of the goodness of a plan.

*Moreau,* for the plaintiffs.   It is true that a contract, which is impossible to be performed, is not binding : but the possibility, which is an essential ingredient, is a physical possibility. The fact must be possible in itself, not necessarily possible to the party who engages to perform it.

THE promisee is not bound to inquire into the ability of the promisor.   1 *Pothier on Obligations, no.* 136.   *Idem, Contract de louage, no.* 395.

EVERY undertaker of a work of art, the impossibility of which is not manifestly apparent, stipulates that it is possible—insures its possibility.

IF the contractor, who professed skill in his art, abused the confidence of the plaintiffs in his assurances and in his skill, he deceived them and ought to make reparation for the injury.

THE plaintiffs therefore are entitled to recover the money they expended in finishing the work which the contractor had undertaken to complete, and to damages for the delay, which has proceeded from his failure.

*By the Court.*   Every man who professes a particular art, stipulates that he possesses the requisite skill.   The workman who proffers a plan stipulates that it is feasible.   The plaintiffs, how-

ever, having undertaken to complete the work, it will be the duty of the jury to consider, whether this is not a rescision of that part of the contract which relates to the indemnity for the delay, after the defendants' testator was discharged of the whole by the plaintiff's receiving it.

☞ THE jury gave a verdict for the overplus of the advances made by the plaintiffs to the defendant, charging him with the money paid for completing the work.